HERBERT J. GROVER, State Superintendent Department of PublicInstruction
You have asked for my formal opinion on an interpretation of section 116.055, Stats., which provides for the purchase of real estate by the board of control of a community cooperative educational service agency (CESA). Your questions are:
1. If a CESA complies with section 116.055, are dissenting boards required to contribute to the purchase of the real estate?
2. If they are, what legal remedies are available to the CESA against dissenting districts who refuse to pay?
3. May the CESA board determine the method of allocating costs between the member boards?
Section 116.055 provides:
 The board of control may purchase, hold, encumber and dispose of real property, in the name of the agency, for use as its office or for any educational service provided by the agency if a resolution to do so is adopted by a two-thirds vote of the members of the board of control and then approved by three-fourths of the school boards in the agency by majority vote of each school board. Aid received under s. 116.08 may be used for the acquisition and maintenance of real property under this section.
The CESA is governed by a board of control composed of members of school boards of districts within the agency. Sec. *Page 297 116.02 (1)(a), Stats. The duties of the board are set forth in section 116.03 and include, among other things, determining the policies of the CESA, section 116.03 (1); receiving money on behalf of the CESA, section 116.03 (2), (4) and (13m); and authorizing expenditures of money for the expenses of the board and for the purposes set forth in chapter 116, section116.03 (10).
Section 116.055 specifically provides for the board of control to purchase and hold real property in the name of the CESA. The school board members have no ownership interest in the property. The statute further provides the required vote for the members of the board of control and for approval by the member school boards of the school districts within the CESA.
Based on these statutes, it is my opinion that dissenting school districts are bound by a decision complying with section116.055 to purchase property. The CESA incurs the obligation to pay for the purchase of the property. The statute allows CESAs to encumber the property and to use funds acquired under section116.08. This language authorizes the board to borrow through mortgages. If school districts do not pay the money required of them under section 116.08 or any other statute, a CESA has the statutory authority to sue the school district to collect the amount owed. Section 116.015 provides that a CESA may enter contracts in its own name and sue or be sued.
Your third question concerns whether CESA boards may determine that the costs of acquiring real property shall be equally shared among the districts or employ some other formula such as that set out in section 116.03 (4).
Section 116.03 (4) requires the board to determine a prorated share for each school district "of the cost of cooperative programs and assess the costs of each program against each unit participating in the program." In Elroy-Kendall-Wilton Schs. v.Coop. Educ. Serv., 102 Wis.2d 274, 306 N.W.2d 89 (Ct.App. 1981), the court of appeals held that section 116.03 did not *Page 298 
authorize the expenditure of money for the purchase of real estate because that section was limited to "`the expenditure of money for . . . the acquisition of equipment, space and personnel' under section 116.03 (10)." Id. at 280.
I therefore conclude that, based on that case, neither section116.03 nor its formula directly applies to real property.
There is no formula in section 116.055, the section authorizing the board of control to purchase and hold real property. The section does refer to aid received under "s. 116.08." Section116.08 has a formula in section 116.08 (5). That formula requires each school board to pay to the board of control an amount equal to the amount of state aid paid to the CESA in that year under section 116.08 (1) multiplied by a fraction consisting of the school district average daily membership as the numerator and agency average daily membership as the denominator.
I conclude that if the cost of the real property is paid from state and local aid under section 116.08 (1), the formula of section 116.08 (5) applies. If the real property is paid for from money received from other sources than state or local aid under section 116.08 (1), which the board of control has authority to do pursuant to section 116.055, the amount of the payments are determined as they are currently. If separate assessment is required for mortgage payments or purchase, the board of control may either reach agreement on the amounts or assess payments to the school district as it sees fit. Section 116.03 (14) gives the board the power to "[d]o all other things necessary to carry out [chapter 116]."
JED:WDW *Page 299